IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

RAYSMEL LEMUS-FALCON,

Petitioner,

vs.

JEROME KRAMER, Sheriff Lincoln County Det Cen, et al.,

Respondents.

8:26-CV-453

ORDER

The petitioner is a noncitizen currently detained by U.S. Immigration and Customs Enforcement. He seeks a writ of habeas corpus under 28 U.S.C. § 2241. Filing 1. The Court will deny the petition.

The petitioner is a citizen of Cuba who entered the United States on or about August 20, 2019 near Presidio, Texas. He was placed in removal proceedings and released on bond. Filing 7 at 4. In April 2024, the government moved to dismiss the removal proceedings, and the immigration judge granted that motion. Filing 7 at 4. In December 2025, the petitioner was arrested in Hall County for DUI and possession of cocaine. Filing 7 at 5. An ICE detainer was lodged and, on December 30, the petitioner was taken into ICE custody. Filing 7 at 5; filing 7-1; filing 7-3. On January 20, 2026, he was ordered removed by an immigration judge, and waived appeal. Filing 7 at 5; filing 7-4.

On February 20, the petitioner was served with a warning for failure to depart, a notice of file custody review, *see* 8 C.F.R. § 241.4(h)(2), and a third-country removal letter to Mexico. Filing 7 at 5; filing 7-5; filing 7-6; filing 7-7. The warning for failure to depart specifically provided the petitioner with "a list of things" he was "required to complete within 30 days . . . in order comply [sic] with your obligation to assist in obtaining a travel document." Filing 7-5

at 2. The petitioner refused to sign and indicated that he was afraid to be removed to Mexico. Filing 7 at 5. On March 23, 2026, Cuba denied repatriation of the petitioner. Filing 7 at 5. On April 16, the petitioner was notified of a decision to continue detention, *see* § 241(h)(4). Filing 7 at 5; filing 7-8.

On June 4, 2026, the petitioner was told that his custody would be reviewed, and in a letter dated July 10 the petitioner informed immigration officials that he did not want to go to Mexico because he has no legal status in Mexico. Filing 7 at 5; filing 7-9; filing 7-10. Specifically, the petitioner stated that while he was willing to cooperate with his removal to Cuba, he "did not consent to" nor would he "sign any voluntary self-deportation . . . or alternative removal forms to Mexico, as Mexico is a third country where I hold no legal status, citizenship, or residency." Filing 7-10 at 3.

On July 20, the petitioner was served with a notice of failure to comply, *see* § 241.4(g)(5), and was again told that his custody had been reviewed but he would not be released from custody. Filing 7 at 5; filing 7-11. The notice explained that the petitioner had been advised of the specific requirements he was obliged to complete in order to assist in obtaining a travel document, but he had failed to comply with his obligation. Filing 7-11 at 1. On August 3, the petitioner was served with another warning for failure to depart, and asked for a statement as to why he was afraid of being removed to Mexico. Filing 7 at 6; filing 7-12. He did not provide a statement. Filing 7 at 6.

Because the petitioner is subject to a now-final order of removal, he must be detained pursuant to 8 U.S.C. § 1231(a)(2)(A). Pursuant to § 1231(a)(2)(A), detention is mandatory for at least 90 days, after which time he "may be detained" or may be released under terms of supervision. *Le v. Warden, McCook ICE Det. Ctr.*, No. 4:26-CV-3041, 2026 WL 1078883, at *2 (D. Neb. Apr. 21, 2026) (citing § 1231(a)(6)). But if a noncitizen has been detained more than

six months, and if the noncitizen "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the detention is unreasonable unless the government provides sufficient evidence rebutting that showing. *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). Not every noncitizen must be released after six months; a noncitizen "may be held in confinement until it has been determined that there is no significant likelihood of his removal in the reasonably foreseeable future." *Id.*

The problem for the petitioner is his refusal to cooperate with removal to Mexico. Aliens may be removed to countries other than their country of origin. *See Johnson v. Guzman Chavez*, 594 U.S. 523, 536 (2021) (citing § 1231(b)(2)). In particular, Mexico is appropriate for removal here, as the country from which the petitioner presumably came into the United States. *See* § 1231(b). Section 241.4(g)(1)(ii) also permits the continued detention of an alien who is not cooperating with the process of obtaining travel documents. *See Thok v. Berg*, No. 8:20-CV-478, 2021 WL 1877646, at *2 (D. Neb. Apr. 1, 2021) (citing 241.4(g)(1)(i)). And "[s]ubsequent to *Zadvydas,* numerous courts have held that, when an alien refuses to cooperate in securing his removal, he can be detained under § 1231(a)(1)(C) for longer than the six-month period that *Zadvydas* established as presumptively reasonable under § 1231(a)(6)." *Luis S.R. v. Mullin*, No. 26-CV-2642, 2026 WL 1790914, at *4 (D. Minn. June 4, 2026) (collecting cases).

The respondents have presented evidence establishing the petitioner's refusal to cooperate with the process of removal, and the petitioner has not traversed those facts. *See Walker v. Johnston*, 312 U.S. 275, 284 (1941) (explaining function of petition, return, and traverse in habeas proceedings). Accordingly, the petition will be denied.

IT IS ORDERED:

1. The petition for writ of habeas corpus is denied.

2. A separate judgment will be entered.

Dated this 4th day of September, 2026.

BY THE COURT:

John M. Gerrard
Senior United States District Judge