IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

RAYSMEL LEMUS-FALCON,

Petitioner,

vs.

JEROME KRAMER, Sheriff Lincoln County Det Cen, et al.,

Respondents.

8:26-CV-453

ORDER

This matter is before the Court on the petitioner's motion to reopen or reconsider the denial of his 28 U.S.C. § 2241 petition for a writ of habeas corpus. For the reasons explained below, the Court will grant the motion.

## BACKGROUND

The petitioner is a citizen of Cuba who entered the United States on or about August 20, 2019 near Presidio, Texas. He was placed in removal proceedings and released on bond. Filing 7 at 4. In April 2024, the government moved to dismiss the removal proceedings, and the immigration judge granted that motion. Filing 7 at 4. In December 2025, the petitioner was arrested in Hall County for DUI and possession of cocaine. Filing 7 at 5. An ICE detainer was lodged and, on December 30, the petitioner was taken into ICE custody. Filing 7 at 5; filing 7-1; filing 7-3. On January 20, 2026, he was ordered removed by an immigration judge, and waived appeal. Filing 7 at 5; filing 7-4.

On February 20, the petitioner was served with a Form I-229(a) warning for failure to depart, a notice of file custody review, *see* 8 C.F.R. § 241.4(h)(2), and a third-country removal letter to Mexico. Filing 7 at 5; filing 7-5; filing 7-6; filing 7-7. The warning for failure to depart specifically provided the

petitioner with "a list of things" he was "required to complete within 30 days . . . in order comply [sic] with your obligation to assist in obtaining a travel document." Filing 7-5 at 2. The petitioner refused to sign and indicated he was afraid to be removed to Mexico. Filing 7 at 5. On March 23, 2026, Cuba denied repatriation. Filing 7 at 5. On April 16, the petitioner was notified of a decision to continue detention, *see* § 241(h)(4). Filing 7 at 5; filing 7-8.

On June 4, 2026, the petitioner was told his custody would be reviewed. Filing 7 at 5; filing 7-9. The government has provided a two-page letter dated July 10—written in English, signed by the petitioner, and witnessed by a notary—stating that the petitioner did not want to go to Mexico because he has no legal status in Mexico. Filing 7-10. Specifically, the letter stated that while the petitioner was willing to cooperate with his removal to Cuba, he "did not consent to" nor would he "sign any voluntary self-deportation . . . or alternative removal forms to Mexico, as Mexico is a third country where I hold no legal status, citizenship, or residency." Filing 7-10 at 3.

On July 20, the petitioner was served with a notice of failure to comply, *see* § 241.4(g)(5), and was again told that his custody had been reviewed but he would not be released from custody. Filing 7 at 5; filing 7-11. The notice explained that the petitioner had been advised of the specific requirements he was obliged to complete in order to assist in obtaining a travel document, but he had failed to comply with his obligation. Filing 7-11 at 1. On August 3, the petitioner was served with another warning for failure to depart, and was asked for a statement as to why he was afraid of being removed to Mexico. Filing 7 at 6; filing 7-12. According to the government, the defendant did not provide a statement. Filing 7 at 6.

The petitioner filed this case on August 21, 2026, challenging his then-eight-month detention pursuant to *Zadvydas v. Davis*, 533 U.S. 678, 701

(2001). Filing 1. In its response brief filed August 26, the government argued that the petitioner's detention beyond the presumptively valid six-month period established by *Zadvydas* was reasonable because there was a likelihood of the petitioner's removal to Mexico in the near future, and that the petitioner's continued detention was the result of the petitioner's uncooperative behavior. *See* filing 5.

The Court did not receive a substantive traverse from the petitioner before the Court's reply deadline of September 2, 2026.[1] *See* filing 3. The Court reasoned that "numerous courts have held that, when an alien refuses to cooperate in securing his removal, he can be detained under [8 U.S.C.] § 1231(a)(1)(C) for longer than the six-month period that *Zadvydas* established as presumptively reasonable under § 1231(a)(6)." Filing 10 at 3 (citing *Luis S.R. v. Mullin*, No. 26-CV-2642, 2026 WL 1790914, at *4 (D. Minn. June 4, 2026) (collecting cases)). Because the government had "presented evidence establishing the petitioner's refusal to cooperate with the process of removal, and the petitioner has not traversed those facts," the Court denied the petition. Filing 10 at 3.

---

[1] The petitioner's reply deadline was set for one week after the government's show cause deadline. Filing 3. Setting deadlines in § 2241 immigration detention cases—particularly *pro se* cases—is challenging, because it's difficult to balance providing the parties with sufficient time to respond and reply with the expeditious resolution of the petition demanded by statute. *See, generally*, 28 U.S.C. § 2243. The Court recognizes that a one-week response deadline may make it difficult for some *pro se* petitioners to receive a return and then provide a substantive traverse. Accordingly, the Court has to be flexible about reconsidering its decisions in cases like these, when it receives a belated but substantive reply.

## DISCUSSION

The petitioner's pending motion traverses the facts presented by the government's return. In particular, the petitioner claims that he *did* provide a credible fear statement explaining his fear of being removed to Mexico, which he wrote on his copy of the August 3, 2026 Form I-229(a) warning for failure depart, which he says was witnessed by an officer at the Lincoln County Detention Center. Filing 12 at 2, 4. He notes—as does the Court—that the page of Form I-229(a) he says he wrote on appears to be different from the same page in the copy of that form provided to the Court. Filing 12 at 1-2. Specifically, although the pages are dated the same and have the same "event number," the typewritten text at the top instructing the petitioner on how to respond is clearly different, in form if not substance. *Contrast* filing 12 at 4, *with* filing 7-12 at 3.

The petitioner has, in other words, traversed one of the key factual allegations upon which the government's return relied. The government's response to the petitioner's motion simply suggests that the Court should find the petitioner's assertions unpersuasive, because he didn't make them earlier. Filing 14. While that's a perfectly sound *argument*, the Court does not find it dispositive—there are any number of reasons that the petitioner might not have asserted a basis for fearing return to Mexico in his petition, starting with the fact that as a *pro se* petitioner he may well not have understood the legal relevance of that information at that time. There are also questions about whether some matters were lost in translation between the petitioner and those helping him with English-language filings. While the government's argument may turn out to be persuasive in the end, at this point what the Court is faced with is a genuinely disputed factual issue that is material to the petitioner's claim for relief. So, a hearing is required.

## CONCLUSION

The petitioner's motion will be granted. The Court is authorized to appoint counsel for a § 2241 petitioner when "the interests of justice so require" pursuant to the Criminal Justice Act, 18 U.S.C. § 3006A(a)(2)(B), and the Criminal Justice Act Plan for the District of Nebraska, § IV(2)(b). Because a hearing is anticipated in this case, counsel will be appointed. Pursuant to General Order 2025-01, Magistrate Judge Jacqueline M. DeLuca is assigned to the pro se docket. Counsel for the petitioner and the government shall promptly confer and contact Judge DeLuca's chambers to discuss expedited case progression and scheduling an evidentiary hearing before Judge Gerrard.

IT IS ORDERED:

1. The petitioner's motion to reopen (filing 12) is granted.

2. The Clerk of the Court is directed to reopen this case.

3. The respondents are enjoined from removing the petitioner from the United States and from the District of Nebraska until further order of the Court. If the petitioner has already been removed from Nebraska, the respondents are ordered to immediately return the petitioner to Nebraska.

4. The Federal Public Defender for the District of Nebraska is appointed to represent the petitioner for the limited purpose of determining whether he is entitled to relief pursuant to 28 U.S.C. § 2241.

5. In the event the Federal Public Defender should decline this appointment because of a conflict of interest or on the basis of the Amended Criminal Justice Act Plan, the Federal Public Defender shall provide the Court with a draft appointment order (CJA Form 20) bearing the name and other identifying information of the CJA Panel attorney identified in accordance with the Amended Criminal Justice Act Plan for this district.

6. The Clerk of the Court shall provide a copy of this order to the Federal Public Defender for the District of Nebraska.

7. The Clerk of the Court shall provide the petitioner with a copy of this order and a copy of Form CJA-23. The petitioner shall complete and return Form CJA-23 to the Court as promptly as possible.

8. Counsel shall promptly confer and contact Judge DeLuca's chambers to discuss expedited case progression and scheduling an evidentiary hearing before Judge Gerrard.

Dated this 13th day of October, 2026.

BY THE COURT:

John M. Gerrard
Senior United States District Judge